They have pleased the court, Carl Laiber for the appellant. We're having a bit of technical difficulties with the camera. We trailed this on this calendar and the camera defaulted to its looking at the ceiling position. If the court will zoom in as I talk. Your Honor, probably the best way to look at the issues in this case are, was there a settlement agreement? If there was, was jurisdiction retained? And if jurisdiction was retained, was removal proper? First issue, was there a settlement agreement? Mr. Garmong was a creditor in his wife's bankruptcy. Could I start with a different question? If I could just interject for a moment. We're talking about removal jurisdiction here. The plaintiffs brought a claim in the state court. So the real question from my perspective is, what's the basis for removal for this state law claim brought in state court? So can you walk me through the statutes and tell me what the basis is for removal jurisdiction? Well, that's easy, Your Honor. There isn't any removal jurisdiction. I was approaching it from the back end, but I can certainly look at it from the front end. The state law case was removed. In order to be removed to the bankruptcy court, there has to be original federal jurisdiction. And under the well pled complaint rule, there is no original federal jurisdiction on the face of the state court complaint. Now, when the case got removed and Mr. Garmong moved for remand, the judge, Judge Zive, the bankruptcy judge, decided that there was ancillary jurisdiction. Oh, is that a basis for removal? It is not, Your Honor. So there has to be some jurisdiction in the first place, right? In order to have ancillary jurisdiction over anything else. I agree, which is why I placed the settlement and retention of jurisdiction issue first. Because if there had been a settlement and jurisdiction had properly been retained, that would have created ancillary jurisdiction and a basis for removal, arguably. But those other two things didn't happen. So just looking at the state law... So, counsel, I just want to make sure. It sounds to me like you just said that if there was ancillary jurisdiction, there might be a basis for removal. Do you acknowledge that if there was ancillary jurisdiction, there might be a basis for removal? And your argument that this was not properly moved is tied to your argument that there's no ancillary jurisdiction? Correct, Your Honor. So show me, could you explain how there would be removal jurisdiction if the bankruptcy court had retained jurisdiction over the settlement agreement? I'm a little confused about that because the settlement agreement had nothing to do with the bankruptcy plan or the confirmation, which seems to be how we've determined that relating to language in 1334B works. Well, that's the point here, Your Honor, from the appellant's perspective. Under NRA FITES, relating to jurisdiction only happens if there's an impact on the debtor's estate or the debtor. And there wasn't. This was a dispute between a creditor in an adversary proceeding and his attorneys. No effect on the debtor's estate. So there's no relating to jurisdiction. So I hate to make the respondent's case for them, but to create ancillary jurisdiction, there had to have been a settlement agreement, and the settlement agreement had to have retained jurisdiction to enforce the settlement orders. That's coconan. And that's also a right-on-point case in this court called O'Connor v. Colvin. And how does that affect removal jurisdiction? I mean, I guess I'm confused because I understand how the bankruptcy court might have had jurisdiction over the settlement agreement. And so if a party had brought an action for declaratory judgment, say, in the bankruptcy court, asking the bankruptcy court to say that the settlement agreement released all claims or whatever, I can understand how the bankruptcy court might have jurisdiction under coconan. But I don't see how that's a basis for removal jurisdiction, since the only basis that's been suggested is under 1452A, which only allows removal if there's a case under 1334B, which requires something to do with the bankruptcy estate. So I'm confused about how there might be removal jurisdiction here. Well, if I can rephrase the court's question, maybe it's a disconnect between reservation of jurisdiction of the settlement agreement and the removal statutes. Because even if there was ancillary jurisdiction to interpret or resolve disputes related to the settlement agreement, that ancillary jurisdiction sure didn't appear on the face of the state court complaint. That's the well-played complaint rule. So I don't see that there was any basis for removal, Your Honor. But if we really stretched hard, I suppose maybe there's ancillary jurisdiction, but only if there's a retention of that jurisdiction in the bankruptcy court. But I don't even see that. It's not on the face of the complaint. So would the court like to hear about why there wasn't a settlement agreement or why there was no retention of jurisdiction? Because that's where I'm headed next. When we talk about the settlement agreements, first we have the issue of Mr. Garmon complained about. Before you go there, I guess the main argument that we hear and that I guess some courts have been persuaded by on the jurisdiction question is, you know, a bankruptcy court, I guess like in this case, believed it may have had subject matter jurisdiction over Mr. Garmon's day case. Um, why? Why shouldn't the bankers court be permitted to interpret its previous order? We have a lot of cases that say bankruptcy courts should be able to interpret its previous order. Can you address that? Well, Your Honor, if you look at this O'Connor versus Colvin case, I cited two. It cites Coconan and Coconan. I think I can quote from it. Coconan says a motion to enforce the settlement agreement then is a separate contract dispute requiring its own independent basis for jurisdiction. And in other words, this this is a state court matter that there's since there was no since there was no retention of jurisdiction over the settlement agreement, any disputes over that settlement agreement are purely state law at this point. Um, if under Coconan, if there had been a retention of ancillary jurisdiction to vindicate its authority, of course, like I said to your colleague, there's no way to know that from looking at the face of the complaint. My point is this. There's no way to get from the state court to the bankruptcy court under the statutes under under the removal statutes. There's no jurisdiction for it, and so it couldn't have been done. Now, I think the court's question is, well, we have plenty of authority that says that a bankruptcy court can enforce its own its own orders. That's true. But this wasn't the right vehicle to do it. Perhaps they have brought a declaratory judgment action in the bankruptcy court. Would there have been jurisdiction for that independent lawsuit in the bankruptcy court? I suppose they could have. I'm not really clear on that point, Your Honor. I've never seen a declaratory action in a bankruptcy court in an adversary proceeding between a creditor and his attorney. But I suppose could they could they have moved to reopen in the bankruptcy court? That's a possibility to your honor. Um, I don't know. I don't know the precise answer to that. I think that if there was if the court wanted to hang onto this case and decide any issues, one way to do it would have been to say I approve the terms of the settlement. And the fourth term of the settlement was that the parties contemplated a formal written signed settlement agreement. And that's part of our argument. But the court could have said, Come back to me in 30 days. I'm gonna continue this for 30 days. Come back to me with your signed formal settlement agreement, and I will embody that in my order. And then we'll retain jurisdiction. And if there's a dispute later, you can come back with a motion. That would probably be the way to do it, in my opinion. But go back to go back and reopen what the main bankruptcy case. Let me let me ask you. So if the court had done that and instead of and it did have a dispute later, but instead of actually, uh, coming back to the bankruptcy court, they went and file the case in state court. Could they then remove that case from state court to the federal court? Under the idea that while you should, you know, we all agree that, you know, it's very, let's say not this case, but some other case, very, very explicit that that, um, that the terms of the settlement agreement are an enforceable part of the original order. And the court said, retaining jurisdiction and even had a clause that said this will be the place where you'll bring it. But they didn't do that. They go to state court or somebody goes to state court. Could the court remove it in that instance? The bankruptcy court. And what would be the basis for that? The statutory basis. If the facts are like our facts, which means that it doesn't have this case doesn't have any impact at all on the debtor or the debtors of state, then I don't see how you can have removal. There's no there's no relating to jurisdiction under fights. There just isn't. But the others I could have gone to bankruptcy court, raised a motion and the bankruptcy court to hear the case, I guess. And then how? What effect would that have on the state court action? You didn't raise 13 34 C two, which requires a bankruptcy court to abstain. But could you argue extension anyway? Your Honor, we if you're saying that we did not raise mandatory abstention, we did. Oh, you did. Yes, it's in the reply brief. I just read it yesterday, and it's also in the opening brief. But yes, we raised mandatory abstention. We sure did, because this is a state court dispute. It's a contractual dispute in state court. There's nothing on the face of the complaint that says that it implicates original federal jurisdiction. Nothing. Mr. Herbert, how about Henry? I think it's Henry Wilshire Courtyard. Doesn't that lend some support for, um, M. C. L. Here that, uh, it was a related to jurisdiction. Well, the teaching of Henry fights is if it doesn't have an impact on the estate, then there's no relating to jurisdiction. I mean, if that's what you'll have to refresh my memory on what? Well, Henry Wilshire. It seems like they're, um, like our court said that there was a related to bankruptcy court's confirmation order. Um, in addition to finding the related to jurisdiction for the bankruptcy court's interpretation of a bankruptcy plan, and it appears, you know, that there was some, uh, analogy to a bankruptcy court's ancillary jurisdiction. Uh, and there's a statement here that, uh, in that case, it says the court said because it is well recognized that a bankruptcy court has the power to interpret and enforce its own orders. Um, so I just wanted. It seems like that case does may send, uh, provide some support for M. C. L. It does graze the issue here, Your Honor. But we have case law directly on point on this issue, and that's Coconan and this O'Connor case. And that is if a court has if there's a settlement agreement in a bankruptcy court or a federal district court, for that matter, the terms of the settlement agreement must be embedded, spelled out in the dismissal order. Then then jurisdiction is retained. But that's not what happened here. And I get I get your argument. I just I just did see this case and wanted to see if you had. I wish I wish I was more current on on that case, but I'm not. And I'm sorry. I can't address your question. Just getting back to Wilshire Courtyard. Just the language talks about the close nexus between a post confirmation matter, um, and a closed bankruptcy proceeding it, which is sufficient to support jurisdiction. But, um, this sort of post confirmation matter, it's not the interpretation, implementation, consummation, execution or administration of the confirmed plan. Isn't that right? This is completely separate from the confirmed plan. Am I correct there? Absolutely. This is a this is a fight between a creditor and his attorney who abandoned him. Um, of course, so that takes us into, you know, back to the issue of whether what there really was a settlement agreement. And we've discussed, you know, Nevada law on whether or not a settlement agreement even existed. Uh, but Coconan and O'Connor spell out exactly what you need to do to retain jurisdiction to have ancillary to create the ancillary jurisdiction to vindicate the court's orders. And none of that happened here. And that's why there's no basis for removal. Thank you, Mr Herbert. You're out of time almost, but I'll give you a minute or two for for rebuttal. Okay, thank you, All right, Mr Armstrong. Yes. Good morning. Your honors. Sally Armstrong on behalf of Martin Cox and your boy. Um, your honors, I'd like to start, um, um, with a response to Judge Acuda's question if I might and make several points. This bankruptcy case was still open at the time that this action was to ask to reopen the case. Um, and, um, I think that's very important. What was still pending? Miss Armstrong in this case? What was your honor? What was still pending at the time of the removal? Was Mr Garmon's discharge non discharge ability action against Miss Garmon? Uh, the case in which my client substituted out or withdrew. So that was still pending. That was still ongoing. Well, what needed to happen that needed that needed to be resolved your honor. Um, and I think this court also considered what happened in that case. The court did in order to show cause was again after my client was allowed to withdraw. The court did, um, in order to show cause why that case should not be dismissed, ultimately dismissed it. Mr Garmon, um, appealed that to the Ninth Circuit and the Ninth Circuit upheld the court's dismissal. But that case, um, when this was removed in December of 2017 had not yet been, uh, that case had not yet been resolved or set for trial. So the bankruptcy case was still open. Is there a is there a how this settlement agreement between, um, Mr Garmon and the law firm, um, fell within the related to case? Um, under 13 34 B. As we've interpreted it very narrow in seats. So maybe you could explain that to me. Yes, Your Honor. Thank you. Um, I think the court I think I need to to start if I might with the agreement, which was not a complex when it was, in fact, a very simple one. There were four points to that agreement. First, my client, the MCL firm agreed to waive all outstanding attorneys fees and cost that Mr Garmon had owed. Mr Jaime agreed to devote up to five days to bring counsel of Mr Garmon's choice up to speed with respect to the adversary proceeding. My client was to provide Mr Garmon his client file, and the parties mutually released each other from all claims of any kind with the understanding that the bankruptcy court would retain jurisdiction over the agreement. That was the agreement that was reached in front of Judge side. And I think it's important, Your Honor, to note that, in fact, the order that was entered in January entered on the docket on January 12th, 2015 in the bankruptcy court did retain jurisdiction. It is clear, Your Honor. And I will just read. Is there an element that it was subject to Garmon having an opportunity for counsel to review this element agreement? That's their argument. Yes, Your Honor, that is one of their arguments, and I'll be glad to address that. But if I might, I just want to point out the terms of this order, because that gets us to related to jurisdiction. I just wanted to call your attention to the language in FEATS, which adopted PAYCORP about how the outcome could alter the debtor's rights, liabilities, options, or freedom of action. Yes. Yes, Your Honor. But, Your Honor, the only court in which my client could seek withdrawal was the bankruptcy court. The matters in which my client represented Mr. Garmon were core matters in the bankruptcy court. The only court that could approve its withdrawal as counsel to Mr. Garmon was the bankruptcy court. That is where their motion was filed. And what happened on the day of the hearing, on December 2nd, 2014, so seven years ago last week, is there was an agreement. Mr. Garmon reached out to my client. There was an agreement reached. It was put on the record. Counsel? Counsel? Oh, yes. Thank you, Your Honor. Let's assume for a second that there was an agreement and that the terms of that agreement were incorporated into the court's order as enforceable with express retention language, all the bells and whistles. Okay? Let's just assume that for a second. There's been some questions about this morning, and what I'm very curious about is, what is the authority that assuming that the court had retained jurisdiction, et cetera, that it was able to remove this case, that the removal jurisdiction granted by federal statute is sufficient to have allowed it to remove the case? Presumably, it could have done something like you could have brought a contempt order. You could have come in. It sounds like you're saying that the action didn't even need to be reopened. You could have come into the action in the bankruptcy court and done something. But what is the authority that you could remove the case? Your Honor, the claims in the state court complaint are all claims, no matter how they're planned, that were released as part of the settlement agreement with Mr. Grimaud. And so the state court action was a direct collateral attack. We believe... I know, I know, but it was a collateral attack in the case of the Supreme Court, the Kokanen case, and in the O'Connor case. Those were collateral attacks also, and that was not sufficient. So that's... So, Your Honor, but the order of the bankruptcy court expressly retained jurisdiction, just like Kekone tells us... I know, but my question is actually something a little bit different, which is assuming it retained jurisdiction, assuming the bankruptcy court really, really wanted to and was very clear about communicating that it really wanted to retain jurisdiction so that it could address this if the parties, somebody violated a settlement agreement. What is the authority that it had the ability to actually remove the case to do that, right? Because removal jurisdiction is construed narrowly, and the removal jurisdiction is only for  ancillary jurisdiction, right? That's a gloss. Your Honor, I think what the cases tell us is that related... Ancillary jurisdiction is related to jurisdiction in the bankruptcy court. What cases are those that say that? So, Your Honor, let me look at those for you. They were actually cited in, I think, provides some insight into this. In the district court's holding, there are bankruptcy cases that deal with this removal issue, which is NRA GTI Capital Holdings, which is the bankruptcy case, 420 Bankruptcy at 1. And, Your Honor, NRA Brownsville Property Court, Bankrupts 469 BR 216. And both of those cases involved removal in situations where ancillary jurisdiction was implicated. And I think you have to step back, and there were probably many ways to approach this. Could you... So can I just ask you, I have a really... This is actually a very practical question. I don't see you citing... We're citing a Western District of Bankruptcy District of Arizona case, but I don't really actually see that where our court has actually squarely presented the question of whether or not this ancillary jurisdiction to enforce your order. Let's assume that the order, all this stuff about that there's a settlement agreement and it's built into the order and the court has retained jurisdiction. There's still that separate question of whether or not the bankruptcy court can reach out and pluck a case out of state court, or whether you have to do it some other way. And would you agree that we just don't really have precedent on that in our circuit? I would agree, Your Honor. I could not find that case either. But I think you have to reason through where this case was. This case, this... The sacred action was brought almost three years after Judge Zive entered his settlement order. The settlement order specifically retained jurisdiction. The order says the terms of the party's settlement agreement were placed on the record in open court and by this reference are incorporated herein. And again, retention of jurisdiction under Covenant was one. And the order went on to say, it's further ordered that the terms of the agreement between the MCL firm and Mr. Jaime, on the one hand, and Mr. Garmon, on the other hand, placed on record in open court are approved. So under Covenant, the language was included that needed to be included in the settlement order for the bankruptcy court to have jurisdiction. Once the lawsuit was filed in state court, which solely, and it's admitted, there's no dispute, that it contains claims that were released under the there are... And removal is one of them because... Excuse me, Ms. Armstrong. I thought that those terms that you just read were going to be produced in writing and Mr. Garmon was going to have a lawyer look at them and then he was going to sign that. But that never happened, did it? No, Your Honor, that did not happen. The order was submitted to Mr. Garmon's counsel, who by that time was Mr. Hebert. Mr. Hebert advised Mr. Garmon not to sign it. My client filed an application with the bankruptcy court asking the bankruptcy court to enter the order. The bankruptcy court found that there were, under Nevada law, that there were no material terms at issue. And it had canvassed much like... Much like occurred in... Well, actually, far more so than occurred in this court's Doi versus Halakalani corporation case. Judge Zive actually canvassed Mr. Garmon to be certain that he understood the terms of the agreement. And Mr. Garmon agreed to what was a very simple agreement that involved the withdrawal of counsel. I would ask this court to remember that this was a withdrawal of counsel issue, that it was... This was not a complicated settlement that result from the filing of that motion to withdraw. And so Judge Zive determined, based on the record before him, that there was a binding and enforceable agreement. But that... But that, I mean, that's the whole point of Kokanen, right? Is that the mere fact that there may be a binding and enforceable agreement doesn't actually necessarily retain jurisdiction over the court that took action. The federal court that took action, based on its view that there was a binding and enforceable agreement, doesn't itself give jurisdiction. You have to do something more to keep jurisdiction. Correct? Your honor, and the bankruptcy court did. The bankruptcy court's order retains jurisdiction under Kokanen. Well, so can I ask you about that? As I read it, the bankruptcy court in its order, it talks about the terms of the parties of settlement agreement being incorporated in its order. But it reads to me like it's incorporating those terms in order to approve those terms, right? Which, you know, it needs to approve those terms in its power in order... It needs to approve those terms in order for there to be the agreement. But I don't see where it actually says it's incorporating those terms for purposes of somehow making them enforceable by the bankruptcy court. Your honor, I would suggest that the order on page three, the terms of the parties settlement agreement, were placed on the record and by this similar to the language required by Kokanen? When you continue down several paragraphs, when it actually talks about why, it says it's further ordered that the terms of the agreement are approved. And Kokanen specifically contrasts merely approving terms versus making those terms an enforceable part of an agreement. So it's not clear to me that the court was at the time it did this trying to actually retain jurisdiction in order to enforce this agreement. It was incorporating the terms, but it says that it was incorporating them to approve them. It has to incorporate the terms in order to say what it's actually approving. Well, we know approval's not enough, correct? Approval's not enough under Kokanen. Your honor, that was the agreement of the parties. It was the claims of any kind. With the understanding that the bankruptcy court would retain jurisdiction over the agreement, that was the agreement that was placed on the record, and that is the agreement that the bankruptcy court approved and the terms which the bankruptcy court incorporated. Is it your argument, I guess, the ancillary jurisdiction meets the requirements of statutory jurisdiction? Is that what you're... Yes, your honor, that is. I believe that ancillary jurisdiction, when the court has retained jurisdiction under Kokanen, as I believe it did in this case, so I certainly understand Judge Van Dyck's questions. I believe that that becomes... And this was court jurisdiction. My client, again, could only withdraw in the bankruptcy court. This was the bankruptcy court's order. It had court jurisdiction, and thus, when that order was made, the ancillary are related to jurisdiction to enforce that order. Does anybody have any further questions for Ms. Armstrong? Thank you. Okay. Mr... Thank you. Thank you. Thank you, Ms. Armstrong. Mr. Embrough, I'll give you a minute for rebuttal. Your honors, Ms. Armstrong said at least three or four times that this court... I'm sorry, Judge Sy retained jurisdiction. But as Judge Van Dyck correctly pointed out on page three of the order of January 12, 2015, Judge Zives says, quote, it is further ordered that the terms of the agreement between the MCL firm and Mr. Hymie, on the one hand, and Mr. Garmon, on the other hand, placed on the record in open court on December 2, 2014, are approved. And then the word incorporated is used with respect to the terms of the agreement from the transcript. But I will quote to you from O'Connor versus Colvin, this court's decision, quote, nor do the facts that the settlement agreement was filed with the court, which didn't happen here because it hadn't been formally reduced to a writing, and that the court supervised the settlement negotiations create jurisdiction. Now, quoting from Koconen, the judge's mere awareness and approval of the agreement make them part of his order. And if that didn't happen, there's no retention of jurisdiction. And that's the set of facts we have here. Ancillary jurisdiction does not trump original jurisdiction in the removal statute. It doesn't. And then, if the court has any questions. Thank you. Thank you, Mr. Ibarra. Ms. Armstrong, for your oral argument presentations here today, the case of Inri Linda L. Garmon, Gregory O. Jackson, LaGoy, is now submitted. Thank you, Your Honor. Thank you both very much. That concludes our oral argument calendar for today and for the week. We are now adjourned. Thank you very much. Thank you.
judges: MURGUIA, IKUTA, VANDYKE